IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1308-WJM-NRN

OMAR FADUL,

    Plaintiff,

v.

SKY RIDGE MEDICAL CENTER, and
MEDICREDIT, INC.,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

*Pro se* Plaintiff Omar Fadul sued Defendants Sky Ridge Medical Center ("Sky Ridge") and Medicredit, Inc. ("Medicredit") (jointly, "Defendants") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), and Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.* ("CCPA"), alleging that Defendants overcharged Fadul for services that were never provided.  (ECF No. 23 at 6–7.)

On October 22, 2020, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's claims with prejudice, finding that Plaintiff had failed to set forth specific facts from which a reasonable factfinder could find that Defendants violated either the FCRA or CCPA.  (ECF No. 50.)  On November 23, 2020, the Court entered an Amended Final Judgment that provided that Defendants shall have their costs upon compliance with D.C.COLO.LCivR 54.  (ECF No. 60.)

This matter is now before the Court on Defendants' Motion for Attorney Fees ("Motion"). (ECF No. 54.) The Court assumes familiarity with the factual background and procedural history of this action, which will not be explained in additional detail here. (*See, e.g.*, ECF No. 50.) For the reasons explained below, the Motion is denied.

## I. ANALYSIS

Defendants argue that they are entitled to their attorneys' fees under both the FCRA and CCPA. (ECF No. 54 at 1.) In response, Plaintiff argues "[i]t was the Defendant[s'] decision to pay for attorneys[ ] and unnecessary cost[s], therefore it should be their responsibility to cover their own cost[s]." (ECF No. 55 at 2.)

The Court will consider Defendants' entitlement to attorneys' fees under each statute below.

### A. FCRA

#### 1. Legal Standard

Defendants seek reasonable attorneys' fees against Plaintiff pursuant to sections 1681o(b) and 1681n(c) of the FCRA. (ECF No. 54 at 3.) Under both provisions,

> [upon] a finding by the court than an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. §§ 1681n(c) (willful noncompliance with FCRA requirements), 1681o(b) (negligent noncompliance with FCRA requirements).

To show that fees are warranted under sections 1681o(b) and 1681n(c), a party must show a pleading, motion or paper was filed in bad faith or for purposes of

2

harassment.  See *Eller v. Trans Union LLC*, 2013 WL 1507770, at *2 (D. Colo. Apr. 12, 2013).  This determination focuses on a plaintiff's mental state at the time of filing.  *Id.* (citing *Rogers v. Johnson–Norman*, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) ("It is not enough to show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.'")).  Bad faith is not simply "bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will."  *Shah v. Collecto, Inc.*, 2005 WL 2216242, *14 (D. Md. Sept. 12, 2005) (quoting *Black's Law Dictionary* 139 (6th ed. 1990)); *Lewis v. Trans Union LLC*, 2006 WL 2861059, at *4 (N.D. Ill. Sept. 29, 2006) (awarding attorneys' fees pursuant to § 1681n(c) based on a showing that the plaintiff "knew of the falsity and baselessness of the allegations.").

It is the moving party's burden to show entitlement to attorneys' fees.  *See Eller*, 2013 WL 1507770, at *2; *Eller v. Experian Info. Sols., Inc.*, 2011 WL 3365955, at *18 (D. Colo. May 17, 2011) ("It appears the burden is on the party moving for fees under Sections 1681n or 1681o to demonstrate that they are warranted").

  2. <u>Analysis</u>

Defendants contend that "Plaintiff brought his FCRA claim in bad faith because he knew at the time of filing he had not filed a dispute with any credit reporting agency and thus lacked a private right of action under the FCRA."  (ECF No. 54 at 5.)  They argue that although Plaintiff proceeds *pro se*, he is "not an inexperienced litigant and thus should have known all the better of the baseless nature of his FCRA claim."  (*Id.* at 6.)  For support, they argue that Tenth Circuit law clearly holds that an individual lacks a

private right of action under the FCRA if he fails to dispute a trade line with the relevant credit reporting agencies.  (*Id.* at 6.)  They further point out that Plaintiff filed a similar FCRA counterclaim in a separate action and that he stipulated to dismissal of that FCRA counterclaim with prejudice less than two weeks after he filed this lawsuit; from these facts, Defendants argue that "Plaintiff was thus quite likely aware less than 2 weeks after filing this suit of the law applicable to his FCRA action that holds that he possessed no private right of action because he did not dispute Medicredit's credit reporting to a credit reporting agency."  (*Id.* at 6–7.)

In the Court's view, however, it cannot reasonably be inferred that Plaintiff acted with bad faith when he filed this action simply because he later decided to drop a similar counterclaim in an unrelated action.  *Cf. Bagumyan v. Valero Energy Corp.*, 2007 WL 1500849, at *2 (C.D. Cal. Apr. 25, 2007) (allegation that plaintiff engaged in bad faith by maintaining action after being provided with exculpatory information was insufficient to state a claim for attorneys' fees under FCRA, which applies only to papers "filed in bad faith or for purposes of harassment").  Maintaining a suit does not equate to "filing" a suit in bad faith.

Likewise, the Court does not believe that bad faith may be reasonably inferred because this *pro se* Plaintiff brought a FCRA claim when he lacked a private right of action.  In the Court's experience, *pro se* litigants frequently attempt to bring claims without a private right of action to do so, and in the large majority of these cases do so without anything approaching bad faith.  The Court fails to discern a basis for concluding otherwise here.  Neither this pleading deficiency, nor the fact that the Court

4

granted Defendants' motion for summary judgment creates a reasonable inference that Plaintiff brought his FCRA claim in bad faith or to harass Defendants.

At bottom, Defendants provide ample speculation—but scant evidence—regarding Plaintiff's intent.  The Court therefore finds that Defendants have failed to carry their burden of demonstrating that Plaintiff brought his FCRA claim in bad faith or for purposes of harassment.

Accordingly, the Court denies this portion of the Motion.

**B.     CCPA**

Under the CCPA, any "person who brings this action under article 1 that is found by the court to be frivolous, groundless and in bad faith, or for the purpose of harassment shall be liable to the defendant for the costs of the action together with reasonable attorney fees as determined by the court."  Colo. Rev. Stat. § 6-1-113(3).

Defendants contend that they are entitled to their attorneys' fees under the CCPA because Plaintiff's claim was "frivolous and groundless in that Plaintiff failed to adduce any evidence that Sky Ridge did not provide him services for which it billed him or that Defendants" alleged conduct had any public impact."  (ECF No. 54 at 7.)  They further assert that Plaintiff "brought this claim in bad faith" since "he knew from the very beginning that the factual basis of for his claim—that Sky Ridge billed him for services it did not render—was obviously false at the time of filing."  (*Id.* at 8.)

While a closer call, the Court finds that Defendants have failed to establish that Plaintiff's CCPA claim was frivolous, groundless, or brought in bad faith and/or for purposes of harassment.  Defendants have not introduced any direct evidence of

Plaintiff's motive, and the Court finds there is insufficient circumstantial evidence of an improper motive to warrant an award of attorneys' fees. That Plaintiff ultimately did not prevail in his claim does not mean that the claim was "frivolous, groundless, and in bad faith, or for the purpose of harassment." Indeed, were it otherwise, the successful party in a CCPA action need only establish prevailing party status—a result clearly at odds with the express terms of the statute. Moreover, in the Court's view, it is more than understandable that an individual may infer that he was overcharged for hospital services when he was seen briefly by a doctor, received a routine laxative prescription, and later discharged, and then later received a whopping $3,700 bill.[1] (*See* ECF No. 38-10.)

Accordingly, this portion of the Motion is denied.

## II.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendants' Motion for Attorney Fees (ECF No. 54) is DENIED.

Dated this 19th day of August, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1] The Court recognizes that Plaintiff was ultimately asked to pay only $273 of the $3,700 bill. (ECF No. 38-2 at 4–5.)